UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PATRICIA POWELL,

    Plaintiff,

v.                          Case No. 13-C-1255

BMO HARRIS BANK N.A.,
OFFICE MAX,
BRIGGS & STRATTON,
ANNA MAE HALSTENGAARD,
O'REILLY AUTO PARTS,[1]
and
PACKERS,[2]

    Defendants.

## DECISION AND ORDER

Powell seeks leave to proceed *in forma pauperis* on her civil rights and employment discrimination action against Defendants BMO Harris Bank N.A. ("BMO Harris"), Office Max, Briggs & Stratton, Anna Mae Halstensgaard ("Halstensgaard"), O'Reilly Auto Parts ("O'Reilly"), and Packers. In order to authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: First, whether

---

[1] The pro se Plaintiff Patricia Powell ("Powell") spelled "O'Reilly" with one "l." The Court has corrected the spelling.

[2] Powell also names "all non religious people toward me" as defendants. (Compl. 1.) The Court has omitted this unidentified group of persons from the caption.

Powell refers to "Office Max-Brookfield Kathy Man." (*Id.*) The Court construes this defendant as Office Max.

To the extent Powell intended the non-religious people toward her or "Kathy Man." to be defendants, the Complaint does not include any allegations of wrongdoing against them and would fail to state an arguable claim for relief against them.

the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a)(1) and (e)(2)(B)(i).

By her petition and affidavit to proceed *in forma pauperis*, Powell avers that she is unemployed, single, and has no legal dependents. Powell states she receives $1,536 in social security and $345.67 in retirement income. Powell's only tangible asset, other than her basic household possessions, is a 2010 Chevrolet vehicle that is worth $8,000 and for which she owes $11,000. Although Powell has $25 in an account, her monthly expenses equal her income and include $680 for rent,[3] $242.95 for car payments, $123.82 for cell phone and internet, $76.77 for car insurance, $78.61 for life insurance, and $550 for credit card payments. In the Court's view, Powell has satisfied the requirements of 28 U.S.C. § 1915(a) and is unable to pay the $350 filing fee for this action.

Powell must next demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir. 1993). The Court is obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

---

[3] Powell states that her rent includes gas and electric; however, she also includes a $100 amount for utilities.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and

- 3 -

then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Powell's Complaint is a somewhat rambling piece of prose written in a stream-of-consciousness style. However, liberally construed, Powell's Complaint indicates that in 1977 while she was employed at Briggs & Stratton on the small gasoline engines motor line, she encountered Halstensgaard who began sexually harassing Powell and sent her to doctors, hospitals, and medications because Powell was not responsive to Halstensgaard's interest in her. Powell also states she lost ten days of holiday pay for 1979 after being falsely accused of drinking alcohol on the job at a Christmas party. Powell also states that she was cheated out of $3,700 that she had at the Northridge Associated Bank, her part D drug coverage was stopped, and Halstensgaard "kill my dog." (Compl. 4.) Powell retired after 15 years with Briggs & Stratton with a small part pension, and Halstensgaard's son robbed Powell's backyard in 1998 and 2000. Powell did "something" to Halstensgaard's home and got eight years, lost her $60,000 home, 95% of the contents, two cars, and ended up in a group home. (*Id.* at 5 (reverse side)). Powell states her problems with Halstensgaard, who is still a lesbian, resumed after Office Max publicized Powell's address. She is suing for millions of dollars from Briggs & Stratton and to clean out Halstensgaard's bank book like she did Powell's. She also wants to recover billions from Office Max for starting this all up again.

Powell lists BMO Harris and Packers as defendants. However, her Complaint includes no allegations against them. Powell mentions O'Reilly in the same lines of

- 4 -

the Complaint as she mentions Office Max (s*ee id.* at 4, lines two and three (unnumbered)) alleging that it is located next door to Office Max at 120th Street and Capital Drive, in Milwaukee, Wisconsin. Powell has not alleged a plausible claim against BMO Harris, Packers, or O'Reilly, and they are dismissed from this action.

Additionally, the allegation that Office Max publicized Powell's address, without more, is insufficient to state a plausible claim against it. Powell has provided insufficient facts to state an arguable claim for relief against Office Max.

With respect to Briggs & Stratton, Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Vance v. Ball State Univ.,* ___ U.S. ___ 133 S. Ct. 2434, 2440 (2013) (quoting 42 U.S.C. § 2000e-2(a)(1)). Despite a liberal construction, Powell's Complaint against Briggs & Stratton does not state a plausible employment harassment claim based on Halstensgaard's harassment of Powell. The Complaint does not allege sufficient facts regarding any incident of Halstensgaard's harassment of Powell. Therefore, Briggs & Stratton is also dismissed from this action.

To the extent that Powell may have a state common law claim against Halstensgaard, this Court lacks subject matter jurisdiction over an action brought by a citizen of Wisconsin against another citizen of the state. Based on the allegations of the Complaint, Powell has not established that the Court would have jurisdiction over

any claim against Halstensgaard.  Furthermore, given the lack of a plausible claim over which this Court would have jurisdiction and the fantastical and disconnected nature of Powell's claims, the Court declines to allow Powell leave to file an amended Complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Powell's request for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2013.

                                                **BY THE COURT:**

                                                *[signature: Rudolph T. Randa]*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**